UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| ERNEST W. DRAPER,<br><br>              Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>              Respondent. | 4:24-CV-04228-KES<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

      Petitioner, Ernest W. Draper, filed a habeas petition under 28 U.S.C. § 2241. Docket 1. The matter was referred to United States Magistrate Judge Veronica L. Duffy under 28 U.S.C. § 636(b)(1)(B) and the District of South Dakota's Civil Local Rule of Practice 72.1.A.2(b), which designates to the magistrate judge the duty to prepare proposed findings and recommendations for the disposition of habeas petitions. The magistrate judge recommended transferring this matter to the Western District of Oklahoma because this court does not have personal jurisdiction over Draper's custodian and could not grant habeas relief to Draper. Docket 3, p. 2. Draper timely filed objections to the report and recommendation. Docket 4.

## STANDARD OF REVIEW

      The court's review of a magistrate judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. The court reviews de novo any objections to the magistrate judge's recommendations as to dispositive matters that are timely made and specific.

28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). In conducting its de novo review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *United States v. Craft*, 30 F.3d 1044, 1045 (8th Cir. 1994).

## DISCUSSION

Draper is an inmate at the Joseph Harp Correctional Center in Lexington, Oklahoma. Lexington is in Cleveland County, Oklahoma, which is part of the Western District of Oklahoma. Draper was not prosecuted in the federal court of this district and is not currently being held in the district of South Dakota.

Whether a state prisoner characterizes his habeas petition as one arising under 28 U.S.C. § 2254 or under § 2241, such actions must be filed in the federal district having personal jurisdiction over the petitioner's custodian. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-46 (2004). In his objections, Draper claims that a habeas action can be filed in any court in the United States. But that is contrary to the holding of the Supreme Court in *Rumsfeld*. Thus, this action must be filed in Oklahoma.

Draper also contends he is entitled to the assistance of counsel in a criminal prosecution. But this matter was filed as a civil habeas action and as a result, he is not entitled to counsel under the Sixth Amendment to the United States Constitution.

This petition is one of seven § 2241 petitions that were filed in this court by Oklahoma state prisoners, all of whom were incarcerated at the Joseph

Harp Correctional Center. See list in *Sebastian v. United States*, 5:25-cv-05009 (D.S.D.), docket 8, pp. 2-3. All the other petitions were dismissed outright or recommended for transfer to the Western District of Oklahoma. Because this appears to be a pattern among the inmates at Joseph Harp Correctional Center, the court finds after conducting a de novo review that this matter should be dismissed without prejudice.

Thus, it is ORDERED:

1. Draper's objections to the report and recommendation (Docket 4) are overruled.

2. That Magistrate Judge Duffy's report and recommendation (Docket 3) is adopted as amended by this opinion.

3. That Draper's petition under 28 U.S.C. § 2241 (Docket 1) is dismissed without prejudice.

Dated May 8, 2025.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE